UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

*FILED

07 DEC 13 PM 12: 47

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

CASE NO.: 8:07-CV-2271-T-27TBM

LONNIE WATSON, on his
own behalf and others similarly situated,

   Plaintiff,

v.

JOSEPH F. MIRANDA, INC,
a Florida Corporation, and JOSEPH F.
MIRANDA, individually,

   Defendants.
_____/

### COMPLAINT & DEMAND FOR JURY TRIAL

1. Plaintiff, LONNIE WATSON ("Plaintiff"), was an employee of Defendants, JOSEPH F. MIRANDA, INC, ("JFM, INC." or "Defendant"), a Florida Corporation, and JOSEPH F. MIRANDA, individually (collectively "Defendants") and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"). Plaintiff was an hourly paid bulldozer operator and performed related activities for Defendants in Polk County, Florida.

2. Defendant, JFM, INC., is a Florida corporation that operates and conducts business in, among others, Polk County, Florida, and is therefore, within the jurisdiction of this Court.

3. At all times relevant to this action, JOSEPH F. MIRANDA was an individual resident of the State of Florida, who owned and operated JFM, INC., and who regularly exercised the authority to: (a) hire and fire employees of JFM, INC.; (b) determine the work schedules for the employees of JFM, INC.; and (c) control the finances and operations of JFM, INC.. By virtue of

having regularly exercised that authority on behalf of JFM, INC., JOSEPH F. MIRANDA is an employer as defined by 29 U.S.C. 201 *et. seq.*

4. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every hourly paid employee who worked for the Defendants at any time within the past three (3) years within the State of Florida.

5. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. § 2201 et seq.

6. At all material times relevant to this action, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s). Additionally, Plaintiff was engaged in interstate commerce during his employment with Defendants.

7. At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff, and those similarly situated to him, performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff, and those similarly situated to him, for those hours worked in excess of forty (40) within a work week.

8. During their employment with Defendants, Plaintiff, and those similarly situated to him, were not paid time and one-half their regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

9. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff, and others similarly situated to him, are in the possession and custody of Defendants.

## **RECOVERY OF OVERTIME COMPENSATION**

10. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-9 above.

11. Plaintiff, and those similarly situated to him, are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week. During their employment with Defendants, Plaintiff, and those similarly situated to him, regularly worked overtime hours but were not paid time and one half compensation for same.

12. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to him, time and one half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff, and those similarly situated to him, have suffered damages plus incurring reasonable attorneys' fees and costs.

13. As a result of Defendants' willful violation of the FLSA, Plaintiff, and those similarly situated to him, are entitled to liquidated damages.

14. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, and all other similarly situated employees, demand judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendants did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

DATED this 27th day of November 2007.

_/s/ Andrew Frisch_
ANDREW FRISCH
FL Bar No.: 27777
MORGAN & MORGAN
7450 Griffin Road, Suite 230

Davie, FL 33324
Tel: 954-318-0268
Fax: 954-333-3515
E-mail: afrisch@forthepeople.com

**Trial Counsel for Plaintiff**